IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEV INVESTMENTS, INC. and<br>EAGLE ROCK BLVD. LLC d/b/a<br>LONDON SQUARE APARTMENTS, | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Case No. 3:24-cv-02463-L |
| THE PRINCETON EXCESS AND<br>SURPLUS LINES INS. CO. and<br>WESTCHESTER SURPLUS LINES<br>INS. CO., | §<br>§<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs LEV Investments, Inc. and Eagle Rock Blvd. LLC d/b/a London Square Apartments filed a Motion to Compel Discovery and Strike Objections (ECF No. 19). As stated on the record at the conclusion of the hearing on September 30, 2025, the Court GRANTS the Motion IN PART.

### *Background*

This lawsuit relates to a claim for insurance proceeds owed for damages caused to Plaintiffs' property as the result of a hailstorm. Pls.' Original Pet. at 3–4 (ECF No. 1-1). The property at issue is insured by two insurance policies—one issued by Defendant Westchester Surplus Lines Ins. Co. and the other issued by Defendant The Princeton Excess and Surplus Lines Ins. Co. (collectively, the "Defendants"). *Id.* at 4. Plaintiffs assert claims against Defendants for breach of

contract, violation of the Texas Prompt Payment of Claims Act, and statutory and common law bad faith, alleging that Defendants mishandled their insurance claim by failing to conduct a reasonable investigation. *Id.* at 10, 11–17. The primary questions in this case "are the reasonable cost to perform the necessary (and covered) replacement of the roofs, and whether Defendants acted in bad faith." Pls.' Mot. to Compel Disc. and Strike Objs. at 3 (ECF No. 19).

### *Legal Standard*

"The Federal Rules of Civil Procedure control the scope of a proper discovery request in the form of requests for production or inspection, interrogatories, and requests for admission." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018). Under Rule 26(b)(1):

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). And "[t]o be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Samsung Electronics Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### *Analysis*

*Plaintiffs' Motion to Compel Discovery and Strike Objections*

At issue here is Plaintiffs' discovery request to Defendants seeking "[a]ll documents referring, relating to or showing the loss reserves that were determined, set or discussed by [Defendants] in relation to the claim."[1] Pl.'s Mot. to Compel Disc. and Strike Objs. at 4 (ECF No. 19). In response, Defendants objected "to the request on the grounds that it calls for information which is irrelevant and unlikely to lead to the discovery of admissible evidence."[2] *Id.* at 5. As a part of discovery,

---

[1] "Loss reserves are an insurance company's best estimate of the eventual cost of a claim, including both the cost of indemnifying the insured and of adjusting the claim." *O'Donnell v. Avis Rent A Car Sys. LLC,* 2021 WL 5282694, at *3 (N.D. Tex. Apr. 14, 2021) (Toliver, J.) (citing to *Maryland Cas. Co. v. United States,* 251 U.S. 342, 358 (1920)).

[2] Defendants also objected to the discovery request "on the grounds that it calls for information which is subject to the attorney-client and/or work product privileges" and "to the extent that it seeks confidential or proprietary business information." Pl.'s Mot. to Compel Disc. and Strike Objs. at 5 (ECF No. 19). However, Defendants abandoned this objection as they did not make any arguments—in the Joint Report Regarding Plaintiffs' Motion to Compel or at the September 30 hearing on Plaintiffs' Motion—that the loss reserves are privileged or confidential. *See*

Defendants redacted any information regarding loss reserves from their document production. *Id.*

Plaintiffs contend that loss reserves are relevant to their claims alleging bad faith and violations of the Texas Insurance Code, as this information would show Defendants' adjustments of the reserves based on the various valuations of their property damage. Joint Report Regarding Pls.' Mot. to Compel at 4–5 (ECF No. 33). In support of this contention, Plaintiffs note that the majority of district courts have found that loss reserves are relevant and discoverable. *Id.* at 6–7.

In response, Defendants cite to three cases supporting their assertion that loss reserves are not relevant to Plaintiffs' claims and argue that Plaintiffs' requests are based on their "unfounded belief" that loss reserves would confirm Defendants' purported undervaluation the claim. *Id.* at 10.

Evidence is relevant if it has any tendency to make a fact that is of consequence in determining the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Numerous courts within the Fifth Circuit have held that loss reserves are relevant to claims of bad faith. *See Swicegood v. Med. Protective Co.*, 2004 WL 1698285, at *3–4 (N.D. Tex. July 29, 2004) (Fitzwater, J.) (holding that reserve information is discoverable as relevant

---

*generally* Joint Report Regarding Pls.' Mot. to Compel at 8–13 (ECF No. 33). As Defendants have not presented any argument, let alone any evidence, of privilege or confidentiality, the Court overrules these objections. *See McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485 (finding discovery objections insufficient when the party did not specifically show how the discovery request was objectionable).

to claim that insurer engaged in unfair settlement practices); *Mario Guardado and Maria Guardado v. State Farm Lloyds and Dion Mckinley*, 2015 WL 12724048, at *3 (N.D. Tex. Dec. 21, 2015) (Stickney, J.) ("[T]he Court finds that information regarding reserves is relevant to Defendant's valuation of Plaintiff's Claim, which in turn is relevant to their allegations that Defendant engaged in fraud and unfair settlement practices."); *Trinity E. En., LLC v. St. Paul Surplus Lines Ins. Co.*, 2013 WL 12124022, at *2 (N.D. Tex. Mar. 8, 2013) (Cureton, J.) (finding loss reserves relevant to issues related to bad faith claim, including the defendant's "state of mind or motive" and the "reasonableness" of the defendant's belief regarding coverage); *Trammel Crow Residential Co. v. St. Paul Fire & Marine Ins. Co.*, 2013 WL 12124331, at *2 (N.D. Tex. Aug. 21, 2013) (Godbey, J.) ("[I]nformation regarding [the insurer's] reserves are relevant to [the plaintiff's] Insurance Code section 542 claim."); *Hidden Cove Park and Marina v. Lexington Ins. Co.*, 2017 WL 2444852, at *2 (E.D. Tex. June 6, 2017) (Mazzant, J.) (finding claim notes regarding loss reserves relevant to the plaintiffs' bad faith claim); *Shaw v. Zurich Am. Ins. Co.*, 2014 WL 2891904, at *2 (E.D. Tex. June 26, 2014) (Gilstrap, J.) (finding that redacted information regarding reserves was "relevant and discoverable and was improperly withheld"); *Brabo Int'l Grp., Inc. v. United Fire & Cas. Co.*, 2020 WL 6440717, at *4 (S.D. Tex. Aug. 17, 2020) (Kazen, J.) ("Multiple courts have found that an insurance company's reserves are relevant to a bad faith claim. In cases where a party has brought a bad faith insurance claim, courts have determined that reserve evidence is relevant, in particular, to show the

insurer's state of mind in relation to its claim settlement practices."); *Env't Packaging Techs., Ltd. v. Arch Ins. Co.*, 2020 WL 1046822, at *3 (S.D. Tex. Mar. 4, 2020) (Edison, J.) (finding loss reserves relevant to claims that insurer engaged in unfair practices and collecting cases).

Here, too, this Court finds that loss reserves are relevant to Defendants' investigation and valuation of Plaintiffs' insurance claim, which in turn, is also relevant to Plaintiffs' allegations that Defendants acted in bad faith and engaged in unfair settlement practices.

The three cases cited by Defendants do not persuade the Court to deviate from the majority view that loss reserves are relevant and discoverable. The companion cases of *Dizdar* and *Gutierrez* sustained the insurer's relevancy objection because the plaintiff did not, and could not, "assert a causal connection between [the insurer] paying less than the maximum amount set aside and [the insurer] acting in bad faith." *Dizdar v. State Farm Lloyds*, 2015 WL 12780640, at *8 (S.D. Tex. Jan. 21, 2015) (Alvarez, J.); *Gutierrez v. State Farm Lloyds*, 2015 WL 13188353, at *8 (S.D. Tex. Jan. 22, 2015) (Alvarez, J.). Further, the request for reserves information in *Columbia* was much broader than the information sought in the instant case. *Columbia Mut. Ins. Co. v. Kerrville Pro. Props., Ltd.*, 2017 WL 7805755, at *5 (W.D. Tex. July 12, 2017) (Primomo, J.) (recounting that plaintiff sought reserves information for a litany of reasons, including to compare the plaintiff's claim to other unrelated third-party claims).

6

Plaintiffs in this case assert, with case law and evidentiary support, that the loss reserves could provide evidence of a pretextual investigation. Joint Report Regarding Pls.' Mot. to Compel at 3–5 (ECF No. 33). The Court agrees and finds that the loss reserves are relevant to Plaintiffs' bad faith claim because the information could tend to show that Defendants knew or should have known that their liability was reasonably clear, yet still denied full payment of the award. *See Trinity E. En., LLC,* 2013 WL 12124022, at *2 ("A bad faith claim requires proof that an insurer denied or delayed the claim when it knew or should have known that its liability was reasonably clear."). Accordingly, the Court OVERRULES Defendants' objections to Plaintiffs' discovery request and GRANTS Plaintiffs' Motion to Compel.

### *Plaintiffs' Request for Attorney's Fees and Costs*

Federal Rule of Civil Procedure 37 provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion to compel was filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified;

or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

"The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law and fact, such that there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Heller v. City of Dallas,* 303 F.R.D. 466, 477 (N.D. Tex. 2014) (cleaned up). Here, the Court finds that— although Defendants' objection was based on the minority view, which the Court rejected—the objection was substantially justified at the time the Motion was filed. Accordingly, Plaintiff's request for attorney's fees and costs is DENIED.

### Conclusion

For the foregoing reasons, the Court GRANTS IN PART Plaintiffs' Motion to Compel Discovery and Strike Objections (ECF No. 19). The Court ORDERS Defendants to produce all documents responsive to Plaintiffs' Request for Production No. 5. Further, the Court ORDERS Defendants to produce unredacted copies of all preciously redacted documents. All amendments to responses and production ordered herein must be made no later than **October 8, 2025**.

    **SO ORDERED.**

October 2, 2025.

                         _____
                         REBECCA RUTHERFORD
                         UNITED STATES MAGISTRATE JUDGE